UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL AURANDT, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREY V. BROWN, RONALD BEAVER, CREDIT PAYMENT SERVICES, INC. ("CPS"), MYCASHNOW.COM, INC. ("MYCASHNOW"), CREDIT PROTECTION DEPOT, INC. ("CPD"), ACH FEDERAL, LLC, ("ACH FEDERAL"), DISCOUNT ADVANCES, INC. ("DISCOUNT ADV."), PAY DAY MAX, LTD. ("PAYDAYMAX"), OWLS NEST, LLC ("OWLS NEST"), MILLENIUM FINANCIAL CONCEPTS INC. ("MILLENIUM"), SUPPORT SEVEN, LLC ("SUPPORT SEVEN"), AND ADDITIONAL UNKNOWN DEFENDANTS,<br><br>Defendants. | **JUDGE KIM R. GIBSON**<br><br>Case No. 3:15-cv-00275 |

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Plaintiff's RICO and Usury Causes of Action Are Untimely | 1 |
|  | A.   RICO | 1 |
|  | B.   Usury | 2 |
| III. | Plaintiff Has Failed To Allege A Sustainable Class | 2 |
| IV. | The Amended Complaint Fails to Plead Necessary Elements of Plaintiff's Claims | 3 |
|  | A.   Plaintiff Ignores the Proper Pleading Standard | 3 |
|  | B.   Plaintiff Has Not Pled the Enterprise or Knowledge Elements of a RICO Conspiracy Claim Under 18 U.S.C. § 1962(d) | 4 |
|  | C.   Plaintiff Has Not Pled Usury in Violation of Any Jurisdiction Other Than Pennsylvania | 6 |
|  | D.   Plaintiff Has Not Pled the Debt Collector or Specific Misconduct Elements of a FDCPA Claim Under 15 U.S.C. § 1692 *et seq.* | 6 |
| V. | Plaintiff Improperly Attempts to Introduce New Facts and Legal Theories | 7 |
|  | A.   New Facts | 7 |
|  | B.   New Legal Theories | 7 |
| VI. | Misstatements of Law | 8 |
|  | A.   Intra-corporate Conspiracy | 8 |
|  | B.   Breach of Fiduciary Duty | 9 |
| VII. | Early Discovery Should Not Be Permitted | 9 |
| VIII. | Conclusion | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alhassid v. Bank of Am., N.A.*,
  307 F.R.D. 684 (S.D. Fla. 2015) .................................................................................................3

*Beck v. Prupis*,
  529 U.S. 494 (2000) ....................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 4, 6, 8

*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015) ................................................................................................... 2, 3

*Carrera v. Bayer Corp.*,
  727 F.3d 300 (3d Cir. 2013) .......................................................................................................3

*Conley v. Gibson*,
  355 U.S. 41 (1957) ......................................................................................................................4

*Dunmire v. Morgan Stanley DW, Inc.*,
  475 F.3d 956 (8th Cir. 2007) ......................................................................................................9

*Forbes v. Eagleson*,
  228 F.3d 471 (3d Cir. 2000) .......................................................................................................1

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................................................. 4, 5, 6

*Freedom Medical Inc. v. Gillespie*,
  634 F. Supp. 2d 490 (E.D. Pa. 2007) ...................................................................................... 4,5

*Hughes v. Tech. Licensing Consultants, Inc.*,
  815 F. Supp. 847 (W.D. Pa. 1992) .............................................................................................8

*In re Ins. Brokerage Antitrust Litig.*,
  618 F.3d 300 (3d Cir. 2010) .......................................................................................................5

*Lieb v. Topstone Indus., Inc.*,
  788 F.2d 151 (3d Cir. 1986) .....................................................................................................10

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004) .......................................................................................................8

*Newcomb v. Cambridge Home Loans, Inc.*,
    861 F. Supp. 2d 1153 (D. Haw. 2012) ..................................................................................9

*Paradise Hotel Corp. v. Bank of N.S.*,
    842 F.2d 47 (3d Cir. 1988) ....................................................................................................9

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ..................................................................................................4

*Reints v. Sheppard*,
    90 F.R.D. 346 (M.D. Pa. 1981) ...........................................................................................10

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162 (3d Cir. 1989) .............................................................................................8, 9

*Temp-Way Corp. v. Cont'l Bank*,
    139 B.R. 299 (E.D. Pa. 1992), *aff'd* 981 F.2d 1248 (3d Cir. 1992) ......................................9

*Zarichny v. Complete Payment Recovery Servs, Inc.*,
    80 F. Supp. 3d 610 (E.D. Pa. 2015) ......................................................................................3

**Statutes**

15 U.S.C. § 1692 ............................................................................................................................3

15 U.S.C. § 1692 *et seq.* ................................................................................................................6

18 U.S.C. § 1962(d) ...................................................................................................................2, 4

RICO ...................................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 5(b)(2)(E) ............................................................................................................12

Fed. R. Civ. P. 8 .............................................................................................................................4

Fed. R. Civ. P. 9(b) ........................................................................................................................8

Fed. R. Civ. P. 11(b) ....................................................................................................................10

**REPLY BRIEF OF THE MOVING DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.   Introduction

Despite the arguments raised in Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("the Opposition"), this Court should grant the Moving Defendants' Motion to Dismiss the First Amended Complaint ("the Motion to Dismiss" or "MTD"). The Opposition's arguments, which largely rely upon facts not even alleged in the Amended Complaint, should be rejected for the following reasons: (1) Plaintiff's RICO and Usury causes of action are time-barred; (2) Plaintiff has alleged an impermissible fail-safe class; (3) Plaintiff's First Amended Complaint ("the Amended Complaint") fails to plead required elements of the RICO, Usury, and FDCPA causes of action; (4) the Amended Complaint impermissibly introduces new factual allegations and legal theories; and (5) Plaintiff makes material misstatements of law.

II.  Plaintiff's RICO and Usury Causes of Action Are Untimely

   A.   RICO

Under the "injury discovery" rule, the four-year statutory period for a civil RICO cause of action runs from the date at which a plaintiff "has discovered or, by the exercise of reasonable diligence, should have discovered (1) that he or she has been injured; and (2) that the injury has been caused by another's misconduct." *Forbes v. Eagleson*, 228 F.3d 471, 485 (3d Cir. 2000). In the Opposition, Plaintiff argues that the alleged October 23, 2014 cellphone call constituted an injury, triggering the running of the statute of limitations for the RICO and Usury counts. Opp. at 8, 14-15. However, this new theory was not pled in the Amended Complaint and, thus, cannot form the basis for ascertaining the injury that triggered the running of the statute of limitations.

The only injury pled in the Amended Complaint is the debiting of Plaintiff's bank account. Compl. ¶59. The Amended Complaint alleges (1) a payday loan is typically a short-term loan, due within a matter of weeks (Compl. ¶24); (2) if a borrower does not repay the loan, the lender can initiate a withdrawal from the borrower's deposit account (*id.*); and (3) Plaintiff believes the loan at issue here was repaid several years ago (Compl. ¶40). The only logical

reading of the Amended Complaint is that the debiting of Plaintiff's bank account occurred "several years ago," "within weeks" of Plaintiff's October 9, 2009 loan. Plaintiff cannot use the Opposition to allege new facts to argue different and more recent injuries in an effort to defeat Moving Defendants' legitimate statute of limitations argument.

Moreover, an "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)." *Beck v. Prupis*, 529 U.S. 494, 505 (2000). In *Beck*, the petitioner alleged that his injury was caused by an overt act—namely, the termination of his employment—done in furtherance of respondents' conspiracy, and that § 1964(c) therefore provided a cause of action. *Id.* at 494. The Supreme Court held that such misconduct is not the kind of injury contemplated by the civil RICO statute. *Id.* at 506. Like the allegedly improper termination of the petitioner in *Beck*, violations of the FDCPA or TCPA are neither acts of racketeering nor predicate acts listed under § 1961(1), and any alleged injuries resulting therefrom (including the alleged loss of cellphone minutes) are not the sort of "injury" giving rise to a claim under civil RICO. *Id.*

### B. Usury

Likewise, the Amended Complaint clearly demonstrates that Plaintiff's usury causes of action are barred by the statute of limitations. The Motion to Dismiss notes that "the statute of limitations for any other usury causes of action began to run in Fall 2013." MTD at 16 n.9. In other words, the time for Plaintiff to file the usury counts began to "run out" in Fall 2013, four years after Plaintiff's payment to Defendants in Fall 2009. MTD at 16-17. Contrary to the Amended Complaint, the Opposition suggests that "there is nothing to establish when plaintiff actually completed paying off the loan." Opp. at 15. This new assertion cannot supplement the Amended Complaint, which clearly shows that Plaintiff repaid the loan more than four years before filing the Complaint. MTD at 17.

### III. Plaintiff Has Failed To Allege A Sustainable Class

Plaintiff has alleged impermissible fail-safe classes. "The independent ascertainability inquiry ensures that a proposed class will actually function as a class." *Byrd v. Aaron's Inc.*, 784

F.3d 154, 162 (3d Cir. 2015). Ascertainability requires the plaintiff to show that the class definition references objective criteria. *Id.* at 163. Plaintiff incorrectly concludes that because the classes are defined with reference to state statutes, the classes are defined with reference to objective criteria. Opp. at 20. However, a fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Zarichny v. Complete Payment Recovery Servs, Inc.*, 80 F. Supp. 3d 610, 623 (E.D. Pa. 2015). Here, Plaintiff's classes are defined by purported statutory violations, and are thus premised upon, and necessitate, a finding of Defendants' liability to ascertain the class members.

Dismissal of class allegations before discovery is appropriate where, as here, "class treatment is evidently inappropriate from the face of the complaint." *Id.* at 625-26. Plaintiff's class definitions "front-end[] a merits determination on [Defendants'] liability as the essential element in class composition," improperly asking the court "to make a determination that [Defendants are] liable to an individual before it could conclude that the individual is a member of the class." *Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015) (quoting *Kirts v. Green Bullion Fin. Servs., LLC*, 2010 WL 3184382, at *6 (S.D. Fla. Aug. 3, 2010). Such classes are by definition "fail-safe," and therefore neither ascertainable nor proper. *Id.*[1]

IV. **The Amended Complaint Fails to Plead Necessary Elements of Plaintiff's Claims**

　　A. **Plaintiff Ignores the Proper Pleading Standard**

While a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the pleading party,

---

[1] Ascertainability also requires a plaintiff to demonstrate that a reliable and administratively feasible mechanism exists to determine class members. It is not enough for Plaintiff to identify an acceptable method of proving class membership; Plaintiff must put forth evidence showing that Defendants have the records, and that they can be used to identify members of the class. *Carrera v. Bayer Corp.*, 727 F.3d 300, 309 (3d Cir. 2013). Plaintiff has not put forth evidence showing that Defendants have records that can be used to identify alleges a class of individuals "targeted by the Defendants . . . in a telephone debt collection scheme in violation 15 U.S.C. § 1692." Compl. ¶ 46.

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 231 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). In *Twombly*, the Supreme Court explicitly rejected the previous rule that a complaint not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 561 (abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).[2] "[P]leading standards have . . . shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" *id.* at 213, it must still "set forth sufficient facts to support plausible claims." *Id.* at 212.

      **B.**    **Plaintiff Has Not Pled the Enterprise or Knowledge Elements of a RICO Conspiracy Claim Under 18 U.S.C. § 1962(d)**[3]

First, Plaintiff maintains that the Amended Complaint pleads the enterprise element of civil RICO because it has purportedly satisfied the notice pleading standard articulated in *Freedom Medical Inc. v. Gillespie*: "[u]nder the rules of notice pleading, a plaintiff need not specifically allege in her complaint the facts necessary to establish [the] enterprise elements." 634 F. Supp. 2d 490, 503 (E.D. Pa. 2007).[4] Plaintiff inexplicably ignores *Twombly* and the move from notice pleading to a pleading standard that requires "a plaintiff to plead more than the

---

[2] A basic objective of Fed. R. Civ. P. 8 "is . . . to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved." 5 Wright & Miller § 1215.

[3] The Motion to Dismiss also argues that Plaintiff has neither pled justifiable reliance, nor the elements required to sustain a false advertising claim under Pennsylvania's UTPCPL. Plaintiff does not challenge these arguments in the Opposition.

[4] The opinion was issued by the *Eastern*, not *Western*, District of Pennsylvania.

possibility of relief to survive a motion to dismiss." *Fowler*, 578 F.3d at 210. Like the Amended Complaint, the Opposition fails to allege sufficient facts to establish the actual existence of an enterprise.

Even if Plaintiff had actually pled the existence of an enterprise, the claim is undermined by the allegation that Defendants' conduct simply involved the operation of their core business. Case Statement ¶6. Plaintiff contends that the "claim [asserted by Moving Defendants] that there is no common enterprise as each Defendant was engaging in their core business runs afoul of the entire purpose of the RICO statute," and that "absent allegations that cast doubt on the existence of these elements," the Court should "reasonably assume" that the structural attributes of an enterprise exist. Opp. at 11. For support, Plaintiff relies upon *Freedom Medical*, a case that is easily distinguished as it considered a complaint alleging the structural elements of an enterprise *within* each of the corporate defendants, not *among* them. 634 F. Supp. 2d at 504; *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369 (3d Cir. 2010) (where "the asserted enterprise, however, is not itself a legal entity, but rather an association of legal entities, simply identifying the allegedly associated components does not serve to put defendants on notice. . . .")

Additionally, conceding that knowledge has not been sufficiently pled, Plaintiff asserts that it may be inferred because"[f]or the purposes of notice pleading, Plaintiff has established knowledge." Opp. at 13. While *Ashcroft v. Iqbal* permits the court to draw plausible inferences, those inferences must be drawn from the complaint's well-pleaded factual content. 556 U.S. 662, 663-64 (2009). The only "fact" that Plaintiff asks the Court to rely on is "the manner on which defendants arranged their business." Opp. at 13. Plaintiff's naked assertion of knowledge, without further factual enhancement, does not adequately plead the element required for a civil RICO claim.[5]

---

[5] The Opposition does not address Moving Defendants' argument in the Motion to Dismiss that the Amended Complaint fails to allege an agreement among Defendants. *See* MTD at 12-13.

### C. Plaintiff Has Not Pled Usury in Violation of Any Jurisdiction Other Than Pennsylvania

The Amended Complaint's failure to identify the usury statutes of states other than Pennsylvania, and to articulate facts giving rise to a violation of those statutes, is fatal. The Opposition erroneously asserts that "[a] plaintiff is not required to plead every statute for every state relating to usury to establish a valid cause of action. Notice pleading is satisfactory." Opp. at 15. Even if notice pleading were satisfactory (which, in the aftermath of *Iqbal* and *Twombly*, it is not), the Amended Complaint fails to "set forth sufficient facts" or even statutory grounds for its usury claims." *Fowler*, 578 F.3d at 212. Plaintiff belatedly identifies statute of limitations language from the West Virginia, New York, and New Jersey statutes in the Opposition (but not in the Amended Complaint), but tellingly cannot identify any facts giving rise to claims in those jurisdictions.[6] Opp. at 15-16. As "laws do not constitute facts," Opp. at 15, the Amended Complaint fails to plead facts to support a usury claim for any jurisdiction outside Pennsylvania.

### D. Plaintiff Has Not Pled the Debt Collector or Specific Misconduct Elements of a FDCPA Claim Under 15 U.S.C. § 1692 *et seq.*

Plaintiff argues that Defendants are "debt collectors" rather than "creditors" under the FDCPA, but fail to cite any Third Circuit authority in support. Opp. at 16. Plaintiff asks the Court to be the first in this Circuit to apply the so-called "false name exception." *Id.*, citing 15 U.S.C. § 1692a(6). In reliance, Plaintiff asserts that "*Defendants* take the position that the particular creditor who was owed money by Ms. Aurandt was the one who made the call." Opp. at 17 (emphasis added). Defendants, however, make no such assertion in the Motion to Dismiss or elsewhere, and Plaintiff concedes as much by noting that "this was not actually pled, but this assumption is safe for the analysis." *Id.* Moreover Plaintiff fails to allege specific conduct by Defendants that would violate the FDCPA. Plaintiff's FDCPA cause of action must be dismissed because, as Plaintiff concedes, the Amended Complaint only recites elements of the FDCPA

---

[6] Plaintiff's claim is also undermined by failure to acknowledge the distinct elements of the different state usury statutes.

without identifying facts that show Defendants violated the statute. Opp. at 18.

## V. Plaintiff Improperly Attempts to Introduce New Facts and Legal Theories

### A. New Facts

Plaintiff first improperly introduced new facts in the RICO Case Statement (Dkt. 35-1), and now seeks to do so again. Plaintiff cannot compensate for a poorly drafted complaint by asserting the following facts for the first time in its Opposition:

- The calls made to Plaintiff resulted in lost minutes from her cellphone plan. Opp. at 8.

- Plaintiff was burdened with debt for a long period of time, and the initial $190.00 loan ended up costing her well over $1,000.00. Opp. at 8, 15.

- Plaintiff had to close bank accounts to get Defendants' withdrawals to stop. Opp. at 8, 15.

- Scott Wilson and IGOTIT.com (not named in the Amended Complaint, but improperly named on the caption of the RICO Case Statement) are believed to be involved in and have knowledge of the underlying crimes upon which this action is based.[7] Opp. at 9 n.8.

- The transactions between Plaintiff and Defendants were set to be conducted through Automated Clearing House transactions. Opp. at 12.

- The creditor who was owed money by Plaintiff made the alleged phone call. Opp. at 17.

- The loan at issue in this matter was taken for non-commercial purposes. Opp. at 19.

### B. New Legal Theories

Plaintiff also impermissibly identifies in the Opposition the following new causes of action and legal theories not alleged in the Amended Complaint:

- Extortion. Opp. at 2.

- Theft. Opp. at 4.

- New injury theories: (1) calls received are themselves *per se* harmful; and (2) loss of

---

[7] Although Plaintiff asserts that the inclusion of these purported defendants "was a mere typographical error which will be corrected through an errata filing," Opp. at 9 n.8, more than two months have passed since the erroneous filing and no errata has been submitted. Plaintiff further asserts that Scott Wilson, the former FTC Inspector General, is believed to be involved in the "underlying crimes upon which this action is based." *Id.* However, Plaintiff provides no support for this statement.

cellphone minutes has been found to be *per se* harmful by Congress. Opp. at 14.

- New RICO theory alleging "pattern of racketeering activity" (allegedly premised upon fraud).[8] Opp. at 14.

- West Virginia, New York, and New Jersey usury statutes of limitations. Opp. at 15-16.

## VI. Misstatements of Law

### A. Intra-corporate Conspiracy

The Motion to Dismiss sets forth clear Third Circuit precedent explaining that a corporation cannot conspire with itself, and that managing agents of a corporation, acting in the scope of their employment, cannot conspire with each other. MTD at 13. Plaintiff erroneously asserts that "Defendants ignore binding precedent" by failing to cite to *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162 (3d Cir. 1989). Opp. at 12. *Shearin*, however, is easily distinguished from the cases cited in the Motion to Dismiss and from the facts before the Court. *Shearin* considered whether a company could conspire with its wholly-owned subsidiaries to violate RICO, and found that the plaintiff had pled an enterprise because the complaint stated that the association of the defendants was an enterprise under the statute. 885 F.2d at 1165. While two of the defendants were wholly-owned subsidiaries of a third defendant, nothing in that opinion indicates that the entities were owned, operated, and controlled by a single individual, as alleged here. Thus, the *Shearin* court did not address the issue of whether an intra-corporate conspiracy of the type alleged by Plaintiff can support a RICO conspiracy claim.

It is well-settled that "[a] corporation can act only through its officers and employees." *Hughes v. Tech. Licensing Consultants, Inc.*, 815 F. Supp. 847, 851 (W.D. Pa. 1992). The Amended Complaint alleges that Defendants Brown and Beaver owned, controlled, and managed the corporate defendants, and that they were personally involved in, responsible for, and/or participated in all business decisions made by the corporate defendants. Compl. ¶8-9. Unlike the

---

[8] If the Amended Complaint had actually pled a RICO theory premised on fraud, it would have had to do so with particularity. *See* Fed. R. Civ. P. 9(b); *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004), abrogated in part on other grounds by *Twombly*, 550 U.S. at 557.

*Shearin* defendants, which were distinct (though associated) entities, Plaintiff argues that Defendants are related entities controlled by the same individual. Plaintiff cannot allege that Defendant Brown made all decisions for the corporate defendants, and simultaneously maintain that Defendant Brown somehow conspired with them in making said decisions.

### B. Breach of Fiduciary Duty

Plaintiff notes that "the Gramm-Leach-Bliley Act prohibits the disclosure of 'nonpublic personal information,'" and claims that "Pennsylvania enforces this privacy through two distinct mechanisms: (1) a cause of action for invasion of privacy and/or breach of confidentiality, and (2) a cause of action for breach of fiduciary duty." Opp. at 21. This assertion lacks any legal support; rather, the law is clear that the GLBA does not give rise to a private cause of action. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("no private right of action exists for an alleged violation of the GLBA."); *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("there is no private right of action under GLBA.").

Even if Pennsylvania permitted a private cause of action under the GLBA, Plaintiff could not state a claim for breach of fiduciary duty because no fiduciary relationship exists between Plaintiff and Defendants. Plaintiff acknowledges that a lender-borrower relationship does not generally give rise to a fiduciary duty. Opp. at 22; *see also Paradise Hotel Corp. v. Bank of N.S.*, 842 F.2d 47, 53 (3d Cir. 1988); *Temp-Way Corp. v. Cont'l Bank*, 139 B.R. 299, 318 (E.D. Pa. 1992), *aff'd* 981 F.2d 1248 (3d Cir. 1992). Nonetheless, Plaintiff maintains that when a lender discloses a borrower's financial information to a third party, a fiduciary duty is simultaneously created and breached. Plaintiff cites no support for this argument, as none exists.

### VII. Early Discovery Should Not Be Permitted

Finally, Plaintiff's suggestion that early discovery should be permitted does nothing more than highlight Plaintiff's lack of due diligence prior to filing the Complaint. Plaintiff cites to

*Reints v. Sheppard,* 90 F.R.D. 346 (M.D. Pa. 1981)[9] to request leave to conduct "reasonable discovery," noting that "[t]he information Plaintiff requires to draft a more detailed [Case] Statement lies within the exclusive possession of Defendants."[10] Opp. at 9. Reliance on *Reints*, however, is misplaced. Although Plaintiff's parenthetical suggests that *Reints* noted that "complaints should not be dismissed for lack of specificity where the information needed lies within defendant's exclusive possession," the district court actually denied the plaintiff's motion for leave to take discovery prior to filing an amended complaint. 90 F.R.D. at 348.

Particularly troubling is the concession that Plaintiff is just now "collecting her records to determine the date of the last payment she tendered to Defendants." Opp. at 8 n.7, 15. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).[11] Plaintiff's representation that records are still being collected suggests an utter failure by Plaintiff's counsel to conduct a reasonable inquiry prior to filing not only the initial Complaint, but also the Amended Complaint.

## VIII. Conclusion

For the foregoing reasons and the reasons set forth in Moving Defendants' Motion to Dismiss, all counts of the Amended Complaint should be dismissed in their entirety, and costs and such other and further relief as this Court deems just and proper awarded.

---

[9] Plaintiff erroneously cites the case as a 2003 decision.

[10] Inconsistently, while conceding that such records are in Plaintiff's possession, Plaintiff then avers that Defendants are in the *exclusive* possession of such information. Opp. at 8 n.7, 15.

[11] This Rule imposes on counsel "a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).

DATED: May 26, 2016					Respectfully Submitted,

							SIDEMAN & BANCROFT LLP


							By:	     /s/ James M. Lord
								James M. Lord (Admitted *Pro Hac Vice*)
								Colorado Bar No. 40747
								Rebecca K. Felsenthal (Admitted *Pro Hac Vice*)
								California Bar No. 303476
								SIDEMAN & BANCROFT LLP
								One Embarcadero Center, 22nd Floor
								San Francisco, California 94111-3711
								Tel:	(415) 392-1960
								Fax:	(415) 392-0827
								Attorneys for Moving Defendants

**CERTIFICATE OF SERVICE**

I certify that on Thursday, May 26, 2016, the foregoing **REPLY BRIEF OF THE MOVING DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed electronically with the Clerk of the Court, using the CM/ECF system.  Notice of the filing was sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  Those parties may access this filing through the Court's ECF system.

SIDEMAN & BANCROFT LLP


By:      /s/ Rebecca K. Felsenthal
Rebecca K. Felsenthal, Esq.
California Bar No. 303476
rfelsenthal@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
Tel:     (415) 392-1960
Fax:    (415) 392-0827
Attorneys for Moving Defendants
Carey V. Brown, ACH Federal LLC, Credit Payment Services, Inc., Credit Protection Depot, Inc., Owls Nest, LLC, Millenium Financial Concepts Inc., MyCashNow.com, Inc., PayDayMax, Ltd., Discount Advances, Inc., and Support Seven LLC